IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–02–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRANDI LYNN DVORAK, | |
| Defendant. | |

Before the Court is Defendant Brandi Lynn Dvorak's Motion for Early Termination of Supervision. (Doc. 66.) In 2016, Dvorak pled guilty to possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1), (Doc. 26) and this Court imposed a custodial sentence of 120 months to be followed by a term of supervised release of 5 years (Doc. 42). Dvorak began her period of supervised release on August 22, 2023. (Doc. 67 at 2.) Dvorak now seeks the premature termination of her remaining term of supervised release, which is set to terminate in August 2028. (*Id.*) The United States opposes the Motion; United States Probation indicates that Dvorak has been compliant and is in support of the Motion. (*Id*. at 4.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Dvorak began her five-year term of supervised release on August 22, 2023, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context.

*Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors does not, at this point in time, support the early termination of Dvorak's remaining term of supervised release. Dvorak has met all her financial obligations and is currently employed at Bitterroot Health, where she works as a medical assistant while attending school to get her certification. (Doc. 67 at 4.) While the Court commends Dvorak for her success on supervision, compliance with supervised release is expected. The offense conduct in this matter is serious, and the Court finds that more time on supervision is warranted to deter Dvorak from future criminal conduct and to protect the community. Therefore, the Court will deny the Motion subject for renewal in one year, granted Dvorak continues to fulfill the conditions of her supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 66) is DENIED, subject to renewal in one year.

DATED this 19th day of September, 2025.

_____
Dana L. Christensen, District Judge
United States District Court